# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JETBLACK CYCLING PTY LTD., | Civil Action No. 1:26-cv-00040-SDG |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| WAHOO FITNESS L.L.C., | |
| Defendant. | |

## DEFENDANT WAHOO FITNESS L.L.C.'S RESPONSE IN OPPOSITION TO PLAINTIFF JETBLACK CYCLING PTY LTD.'S MOTION FOR PRELIMINARY INJUNCTION

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................1

II.   BACKGROUND FACTS ......................................................................4

   A.   The Parties.................................................................................4

   B.   The Settlement Agreement.........................................................5

   C.   Wahoo's ITC Complaint ............................................................6

III.  LEGAL STANDARD ..........................................................................7

   A.   Preliminary Injunction ..............................................................7

   B.   Contract Interpretation .............................................................8

IV.   ANALYSIS ...........................................................................................9

   A.   Plaintiff's Breach of Contract Claim Will Not Succeed
        on the Merits .............................................................................9

        1.   The ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
             ▮▮▮▮▮▮▮ Does Not Apply To Pure Patent
             Infringement Claims ........................................................9

        2.   The ▮▮▮▮▮▮▮▮▮▮▮ Does Not Preclude
             Claims in the ITC............................................................19

        3.   JetBlack's Proposed Interpretation Renders the
             ▮▮▮▮▮▮▮▮▮▮▮▮▮ Unenforceable Because
             It Would Be Against Public Policy...................................21

        4.   JetBlack's Actions Suggest Its Own Belief That
             Its Victory Product Does Not Fall Within the
             ▮▮▮▮▮▮▮▮▮▮ of The Parties' Settlement Agreement ........22

V.    CONCLUSION ...................................................................................23

# TABLE OF AUTHORITIES

**Cases**                                                           **Page(s)**

*Bonito Boats, Inc., v. Thunder Craft Boats, Inc.*,
489 U.S. 141, 109 S. Ct. 971, 103 L.Ed.2d 118 (1989) .................................. 16

*Brogdon v. Pro Futures Bridge Cap. Fund, L.P.*,
260 Ga. App. 521, 580 S.E.2d 303 (Ga. Ct. App. 2003)..................................... 9

*Comcast Corp. v. Rovi Corp.*,
No. 16-CV-3852 (JPO), 2016 U.S. Dist. LEXIS 173282 (S.D.N.Y.
Dec. 14, 2016) .................................................................................... 13, 19

*Don't Look Media LLC v. Fly Victor Ltd.*,
999 F.3d 1284 (11th Cir. 2021)................................................................. 12, 21

*Eagerton v. Valuations, Inc.*,
698 F.2d 1115 (11th Cir. 1983)...................................................................... 20

*Farrel Corp. v. United States Int'l Trade Comm'n*,
949 F.2d 1147 (Fed. Cir. 1991) .......................................................... 19, 20, 21

*G&A Family Enters., LLC v. Am. Family Ins. Co.*,
No. 1:20-CV-03192-JPB, 2021 Dist. LEXIS 91942 (N.D. Ga. May
13, 2021)........................................................................................................... 9

*Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.*,
651 F.3d 1355 (Fed. Cir. 2011) .......................................................... 8, 11, 12

*Innovative Display Techs. LLC v. Microsoft Corp.*,
No. 2:13-cv-00783-JRG, 2014 U.S. Dist. LEXIS 82429 (E.D. Tex.
June 17, 2014)................................................................................................. 13

*In re Convertible Rowing Exerciser Patent Litig.*,
616 F. Supp. 1134 (D. Del. 1985) .................................................................. 21

*NeoMedia Techs., Inc. v. ScanBuy, Inc.*,
No. 1:14-CV-01379-AT, 2014 U.S. Dist. LEXIS 189225 (N.D. Ga.
Oct. 21 2014)................................................................................................... 12

iii

*Video Streaming Sols. LLC v. Microsoft Corp.*,
  No. 13 C 7031, 2014 U.S. Dist. LEXIS 71739 (N.D. Ill. May 27,
  2014) ................................................................................................ 13

*Texas Instruments, Inc. v. Tessera, Inc.*,
  231 F.3d 1325 (Fed. Cir. 2000) ................................................ 8, 12, 13

*Wilson v. Clark Atlanta Univ., Inc.*,
  339 Ga. App. 814 (2016) ................................................................... 9

*Winter v. Natural Res. Def. Council, Inc.*,
  555 U.S. 7, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008) ........................ 7

**Statutes**

19 U.S.C. § 1337 .............................................................................*passim*

19 U.S.C. § 1337(d)(2) ......................................................................... 7

28 U.S.C. §1295(a) ............................................................................ 16

28 U.S.C. § 1338 ............................................................................... 20

28 U.S.C. § 1338(a) ........................................................................... 16

35 U.S.C. § 101, et seq. .................................................................. 2, 16

O.C.G.A. § 13-2-2(2) .......................................................................... 9

O.C.G.A. § 13-2-2(4) .......................................................................... 9

## I.    INTRODUCTION

Defendant Wahoo Fitness L.L.C. ("Defendant" or "Wahoo") respectfully submits this Opposition in response to Plaintiff JetBlack Cycling Pty Ltd's ("Plaintiff" or "JetBlack") Motion for Preliminary Injunction seeking an order compelling Wahoo to withdraw its Complaint before the United States International Trade Commission ("ITC") (Dkt. 4). JetBlack's motion fails because the parties' settlement agreement resolving a prior litigation ("Settlement Agreement") does not preclude Wahoo from seeking relief from the ITC.

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████ – does not preclude Wahoo from seeking relief from the ITC for JetBlack's unlawful importation of products that infringe Wahoo's patents. First, Wahoo's claims ████████████████ ██████████████████████████ because Wahoo's ITC Complaint does not assert a cause of action for breach of the Settlement Agreement. Instead, Wahoo's ITC Complaint alleges JetBlack has engaged in unfair trade practices through the importation of the Victory product because it infringes Wahoo's patents. The line of cases cited by JetBlack merely stand for the proposition that patent infringement claims can "arise from" a patent license agreement. They are inapplicable here because the parties' Settlement Agreement is not a patent license

1

agreement, nor does it include a patent license provision. Unlike a patent infringement case involving a patent license defense, JetBlack does not suggest the parties' Settlement Agreement is the basis for a substantive defense to Wahoo's claims. To the contrary, the parties' Settlement Agreement is irrelevant to the cause of action set forth in Wahoo's ITC Complaint. Consequently, Wahoo's claim for unfair trade practices due to importation of the infringing Victory product does not ████████████████████████████.

Second, Wahoo's ITC Complaint does not ████████████████████████ ████████████████████████ either. The ████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████ Wahoo's patent infringement claims because they are exclusively governed by Federal law (35 U.S.C. § 101, et seq.). Further, the parties contemplated, in other sections of the Settlement Agreement, ██ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████. If JetBlack's interpretation were adopted – ████████████████████ ████████████████████████████████████████ ████████████████████████████████████████

2

████████████████████████████████████. These facts together make it clear that the parties did not intend for ████████████████ to apply to pure patent infringement claims like those set out in Wahoo's ITC Complaint. Instead, the parties intended the ████████████████████████ ████████████████████████████████.

Third, ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████. But Congress gave exclusive subject matter jurisdiction to redress unfair trade practices due to importation of infringing products to the ITC pursuant to Section 337 of the Tariff Act (19 U.S.C. § 1337). The parties did not have the power to override Congress ██████████████████████ claims brought pursuant to Section 337 to the federal and state courts ████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

Because ████████████████ does not apply to Wahoo's ITC Complaint, Wahoo has not breached the parties' Settlement Agreement.

Accordingly, the Court should deny JetBlack's Motion for Preliminary Injunction.

## II.     BACKGROUND FACTS

### A.     The Parties

Wahoo designs, develops, and sells market-leading bicycle trainers and other fitness training products. Founded in 2009 and headquartered in Atlanta, Georgia, Wahoo has been and continues to be a trailblazer of innovation in the indoor bicycling industry, demonstrating a consistent rhythm of bringing new technology to the marketplace. Wahoo has created products that change how cyclists ride, and even race, bicycles indoors. *See*, *e.g.*, Compl., Ex. 1, ¶¶ 23-38 (Dkt. 1-1). As a result of its many years of innovation, Wahoo owns many patents including U.S. Patent Nos. 10,046,222 ("the '222 Patent"), 10,933,290 ("the '290 Patent"), 11,090,542 ("the '542 Patent'), 11,559,732 ("the '732 Patent"), and 12,330,036 ("the '036 Patent"). *Id.*, ¶ 3. Wahoo has spent years and millions of dollars to design and develop its line of bicycle trainer products from the ground up, which it sells in the United States and abroad under the Wahoo KICKR® brand. The Wahoo KICKR® line of bicycle trainers practice the inventions described and claimed in its patents. *Id.*, ¶ 11.

JetBlack is an Australian company and serial patent infringer with a track record of copying Wahoo's technology and product designs across many different products. *See*, *e.g.*, Compl., Ex. 1, ¶¶ 48-54 (Dkt. 1-1). Just three years ago, Wahoo

filed a complaint against JetBlack in the District Court for the District of Delaware (the "Delaware Complaint") alleging patent infringement by JetBlack's "Volt" bicycle trainer product. On November 8, 2022, the Parties entered into the Settlement Agreement. Compl., Ex. 3 (Dkt. 1-6).

**B.      The Settlement Agreement**

The Settlement Agreement generally provides that ███████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████

The Settlement Agreement included █████████████████████████



Compl. Ex. 3, Sec. 12 (Dkt. 1-6) (emphasis added).

### C.    Wahoo's ITC Complaint

In or around July 2024, JetBlack introduced a bicycle trainer called "Victory" into the United States market. The JetBlack Victory trainer directly competes with and undercuts the price of the Wahoo KICKR® trainers.

On December 3, 2025, Wahoo filed its ITC Complaint, asking the United States International Trade Commission ("ITC") to institute an investigation pursuant to Section 337 of the Tarriff Act of 1930, as amended, 19 U.S.C. §1337, because the Victory product infringes Wahoo's patents. Compl., Ex. 1 (Dkt. 1-1). Wahoo further

asks that the ITC ultimately issue a limited exclusion order – an *in rem* remedy enforceable by the United States Customs and Border Patrol ("CBP") – barring JetBlack's "Victory" product from importation to protect Wahoo's domestic industry pursuant to 19 U.S.C. § 1337(d)(2). *Id.* Wahoo's ITC Complaint did <u>not</u> assert a breach of contract claim or seek relief from the ITC for JetBlack's breach of the Settlement Agreement. *Id.*

On January 2, 2025, the ITC instituted its investigation pursuant to Wahoo's ITC Complaint. Compl., Ex. 2 (Dkt. 1-2). On January 5, 2026, JetBlack filed the present Complaint and Motion for Preliminary Injunction before this Court, alleging breach ███████████████████ of the Settlement Agreement and seeking an order compelling Wahoo to withdraw its ITC Complaint. (Dkt. 1 (Complaint) and Dkt. 4 (Motion for Preliminary Injunction)).

## III.  LEGAL STANDARD

### A.  Preliminary Injunction

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). To obtain this extraordinary remedy, JetBlack must show: 1) substantial likelihood of success on the merits, 2) irreparable harm, 3) the balance of equities tips in its favor and 4) that an injunction is in the public interest. *Id.* at 20. "[B]ecause

a movant must establish both a likelihood of success on the merits and irreparable harm…the district court may deny a preliminary injunction based on the movant's failure to establish either of these two crucial factors without making additional findings respecting the other factors." *Texas Instruments, Inc. v. Tessera, Inc.*, 231 F.3d 1325, 1329 (Fed. Cir. 2000).

Federal Circuit law governs whether to grant a preliminary injunction seeking to enjoin a party's participation in an ITC action. *Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.*, 651 F.3d 1355, 1359 (Fed. Cir. 2011); *Texas Instruments*, 231 F.3d at 1328.

### B.    Contract Interpretation

Issues of contract interpretation, on the other hand, are questions of state law. *Texas Instruments*, 231 F.3d at 1329; O.G.C.A. § 13-2-1. ███████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████

 Georgia law supplies basic rules for contract interpretation. A "cardinal rule of construction is to ascertain the intention of the parties." O.G.C.A. § 13-2-3. First, the court must decide whether the language is clear and unambiguous by looking "to the four corners of the agreement to ascertain the meaning of the contract from the

language employed." *G&A Family Enters., LLC v. Am. Family Ins. Co.*, No. 1:20-CV-03192-JPB, 2021 Dist. LEXIS 91942, *9 (N.D. Ga. May 13, 2021) (citing *Brogdon v. Pro Futures Bridge Cap. Fund, L.P.*, 260 Ga. App. 521, 580 S.E.2d 303, 306 (Ga. Ct. App. 2003)). The court should look at the plain language of the contract as "words generally bear their usual and common signification." O.C.G.A. § 13-2-2(2). "The construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part." O.C.G.A. § 13-2-2(4). The interpretative canon *noscitur a sociis* instructs that "words in [a document] should be understood in relation to each other, since words, like people, are judged by the company they keep." *Wilson v. Clark Atlanta Univ., Inc.*, 339 Ga. App. 814, 834 (2016). When a contract is ambiguous, "the court must apply the rules of contract construction to resolve the ambiguity." *G&A Family Enters.*, 2021 Dist. LEXIS 91942 at *9.

## IV.    ANALYSIS

### A.    Plaintiff's Breach of Contract Claim Will Not Succeed on the Merits

#### 1.    The ███████████████ of The Settlement Agreement Does Not Apply To Pure Patent Infringement Claims

The ███████████████ of the Settlement Agreement only ██████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████

9



Compl. Ex. 3, Sec. 12.2 (Dkt. 1-6) (emphasis added). JetBlack alleges that ██████

███████████████████████████████████████████████████████

███████████████████████████████ JetBlack Brief, p. 8. JetBlack

is wrong on both points.

        *a.*     ***The cause of action in Wahoo's ITC Complaint does not*** ███████████████████████████████.

First, JetBlack's assertion that the ███████████ alleged in Wahoo's ITC

Complaint ████████████████████████ itself is wrong on its face.

Wahoo's ITC Complaint does not assert a cause of action for breach of contract (*i.e.,*

the Settlement Agreement). While Wahoo's ITC Complaint references the parties'

Settlement Agreement and Wahoo's belief that JetBlack's sale of its Victory product

in the United States violates the Settlement Agreement, these are only part of the

background facts. Neither of these background references is part of Wahoo's cause

of action or request for relief in its ITC Complaint. The only basis for the cause of

action set out in Wahoo's ITC Complaint is patent infringement under Section 337.

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████ But the parties' Settlement Agreement in the present case is not a patent license agreement, nor does it include any patent license provision. In *Gen. Protecht*, the parties had previously entered into a settlement agreement that included (i) a patent license provision, and ██████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████ In response to the plaintiff's later patent infringement claim, the defendant asserted that it was entitled to practice the asserted patents under the patent license provision of the settlement agreement. Thus, a central issue in that case hinged on contractual interpretation of the patent license provision. *Id.* at 1359 ("This case presents a non-frivolous dispute regarding the scope of a patent license."). ███

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████ Therefore, even though the plaintiff in *Gen. Protecht* styled its claim as a patent infringement cause of action, the substance of the case turned on a *contractual* question – namely, whether the parties' license agreement precluded the plaintiff's patent infringement claim. In the

present case, there is no license agreement, as Wahoo has never granted a license for JetBlack to practice the inventions of Wahoo's patents. JetBlack has not alleged that anything in the Settlement Agreement supports a defense to Wahoo's ITC Complaint. Consequently, the reasoning of *Gen. Protecht* does not apply here.

Similarly, in *Texas Instruments,* the parties had entered into a patent license agreement that included ██████████████████████ "any disputes, controversies, claims or difference which may arise from, under, out of or in connection with this Agreement" to be litigated in California. *Texas Instruments*, 231 F.3d at 1327. The Federal Circuit found that "[p]atent infringement disputes do arise from license agreements. There may be an issue, as here, of whether certain goods are covered by the licensed patents; or the licensee may elect to challenge the validity of the licensed patents." *Id.*, at 1331 (citation omitted). ██████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████ *Don't Look Media* and *NeoMedia Techs* likewise involve disputes over the scope of license agreements. *Don't Look Media LLC v. Fly Victor Ltd.*, 999 F.3d 1284 (11th Cir. 2021); *NeoMedia Techs., Inc. v. ScanBuy, Inc.*, No. 1:14-CV-01379-AT, 2014 U.S. Dist. LEXIS 189225 (N.D. Ga. Oct. 21, 2014). Because there is no license agreement at issue here, none of these cases support JetBlack's position.

The logic of multiple other district courts reinforces the conclusion that cases cited by JetBlack apply ███████████████████████████████████ ████████████████████████████████████████████████ In *Comcast Corp. v. Rovi Corp.*, No. 16-CV-3852 (JPO), 2016 U.S. Dist. LEXIS 173282 (S.D.N.Y. Dec. 14, 2016), the court acknowledged the *Texas Instruments* decision indicates that "[p]atent infringement actions relating to valid license agreements are therefore properly considered as arising from those licenses…", but then went on to find that a patent infringement claim cannot be said to "arise under" an <u>expired or invalid</u> patent license agreement. *Id.*, at *9-11 (citing *Innovative Display Techs. LLC v. Microsoft Corp.*, No. 2:13-cv-00783-JRG, 2014 U.S. Dist. LEXIS 82429 (E.D. Tex. June 17, 2014)); *Video Streaming Sols. LLC v. Microsoft Corp.*, No. 13 C 7031, 2014 U.S. Dist. LEXIS 71739 (N.D. Ill. May 27, 2014). Here, Wahoo has never granted a patent license to JetBlack. Consequently, like these cases involving an invalid or expired license, Wahoo's ITC Complaint for unfair trade practices due to the importation of infringing products ███████████████ ████████████████████████████████████████████████ ███████████████████████████

b.    ***The cause of action in Wahoo's ITC Complaint does not*** ███████████████████████████████████████

Second, JetBlack's assertion that Wahoo's patent infringement claim ██████ ████████████████████████████████ is premised on an erroneous interpretation of that term. JetBlack offers no proposed interpretation of ████ ██████████████████████████ but instead superficially presupposes that the █████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████ A closer review of the Settlement Agreement shows JetBlack's presumption to be incorrect.

The Settlement Agreement does not equate ██████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████████ Further, the phrase ███████████████████

█████ is sandwiched between two references that are directed to ███████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████  especially  when  sandwiched  between  two  terms

unequivocally directed to █████████████████████ – the

exact scope of the ████████████████████ is unclear on its face.

*Noscitur a sociis* urges ███████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████

The Settlement Agreement includes ██████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████



Compl. Ex. 3, Sec. 12.1 (Dkt. 1-6) (emphasis added) ███████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████ But patent infringement claims are

governed exclusively by Federal law (*i.e.*, 35 U.S.C. § 101 et. seq.) and the

jurisprudence of the Federal Circuit. 28 U.S.C. § 1338(a); 28 U.S.C. § 1295(a);

*Bonito Boats, Inc., v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 146–57, 109 S. Ct.

971, 103 L.Ed.2d 118 (1989). There are no ████████████████ that are

applicable to the substantive aspects of a patent infringement case. *See, Bonito*

*Boats,* 489 U.S. at 156 (finding that federal law preempts state law that offers patent-

like protection.).  Consequently, the parties ████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████ such as

16

disputes or claims grounded primarily in state statutes or common law, but not causes of action governed exclusively by Federal law, such as substantive patent infringement claims.



Compl. Ex. 3, Sec. 2.3 (Dkt. 1-6) (emphasis added). ███████████████████████

██████████████████████████████████ proceedings conducted in the USPTO

to challenge patentability of issued patents. The USPTO, like the ITC, is a

government agency and not a court. ████████████████████████████████████

█████████████████████████ patent issues like patentability, patent validity

and enforceability could be litigated ███████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████

    The only feasible interpretation of the ███████████████ is that it does

not apply to ███████████████████████████████ such as patent

infringement and patent invalidity disputes or claims.

2.    **The ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Does Not Preclude Claims in the ITC**

Further, the parties' particular choice of wording for the ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮ – shows that the parties did not intend ▮▮▮▮▮▮▮▮▮▮▮▮▮

Wahoo's ITC Complaint sets forth a claim under Section 337 for unfair trade

practices based on JetBlack's importation of products that infringe Wahoo's patents.

Wahoo seeks a limited exclusion order to stop the unlawful importation of infringing

products. JetBlack's proposed interpretation of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

But the ITC has exclusive subject matter jurisdiction over such claims. *Farrel

Corp. v. United States Int'l Trade Comm'n*, 949 F.2d 1147, 1155 (Fed. Cir. 1991)

("The Commission [ITC], of course, is not a court, and it has exclusive jurisdiction

to administer section 337, which lacks provisions allowing for private enforcement

either in the courts or through arbitration."); *Comcast Corp. v. Rovi Corp.,* No. 16-

CV-3852, 2016 U.S. Dist. LEXIS 173282, at *8 (S.D.N.Y. Dec. 14, 2016) ("Rovi's

claims in the ITC arise from § 337 of the Tariff Act of 1930, 19 U.S.C. § 1337, and

the ITC has exclusive jurisdiction over unfair importation practices brought under

that section."). U.S. district courts do not have subject matter jurisdiction over claims brought pursuant to 19 U.S.C. § 1337. *Id.*, at *9 n.2 ("While this Court does have 'original jurisdiction of any civil action arising under any Act of Congress relating to patents,' 28 U.S.C. § 1338, it simply does not have jurisdiction over claims brought under Section 337 of the Tariff Act of 1930, see 19 U.S.C. § 1337."). █████

███████ exclusive subject matter jurisdiction for claims under Section 337 from the ITC █████████████████████████████████████████████

██████ *Farrel*, 949 F.2d at 1156 (holding that the "unique protection" afforded by the ITC in an action under Section 337 cannot be "privately contracted away."); *Eagerton v. Valuations, Inc.*, 698 F.2d 1115, 1118 (11th Cir. 1983) ("Nevertheless, it is well established that subject matter jurisdiction cannot be waived or conferred on a court by consent of the parties.").

Because state and federal courts are precluded from exercising subject matter jurisdiction over unfair trade practices claims brought pursuant to Section 337, the parties could not have intended such claims to fall within the scope of ████████

██████████████████████████████████████████████████████

███████ Rather, the only reasonable interpretation is that the parties agreed ███

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

20

█████████████████ federal and state courts are *not permitted* to exercise jurisdiction over claims pursuant to Section 337, ███████████████████ ████ and Wahoo has not breached the Settlement Agreement.

3.    **JetBlack's Proposed Interpretation Renders the** ██████ **Unenforceable Because It Would Be Against Public Policy**



"enforcement of the clause would contravene public policy." *Don't Look Media*, 999 F.3d at 1297 ("A plaintiff can defeat this presumption [of enforceability] by showing…enforcement of the clause would contravene public policy."). Adopting JetBlack's proposed interpretation would render the ████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ████████████████ The ITC is not simply an alternative forum for parties to adjudicate their claims. Instead, it is a government administrative agency "designed to supplement other provisions of law, which were viewed as inadequate to fully protect U.S. industries from unfair foreign trade practices." *Farrel*, 949 F.2d at 1155. The ITC is uniquely positioned to exercise *in rem* jurisdiction over JetBlack's infringing products and prevent their importation into the United States through enforcement by the U.S. Customs and Border Patrol. *In re Convertible Rowing Exerciser Patent Litig.*, 616 F. Supp. 1134, 1141 (D. Del. 1985) ("A complainant in

an ITC action who successfully establishes an unfair method of competition or unfair act of importation or sale of imported items and otherwise qualifies for a remedial order can normally obtain an exclusion order, or a cease and desist order. An exclusion order is typically an *in rem* remedy directing the exclusion from entry into the United States of any infringing product. Since it is directed to exclusion of the product, it is not limited to the respondents named before the ITC. Responsibility for excluding entry into the United States of the offending item is placed upon the Secretary of the Treasury, not the complainant.") (citations omitted).

Therefore, adoption of JetBlack's proposed interpretation of ███████ ███████████ would render it unenforceable.

### 4. JetBlack's Actions Suggest Its Own Belief That Its Victory Product Does Not Fall Within ██████████████ of The Parties' Settlement Agreement

Even if ██████████████████████ is construed broadly enough to cover the ████████████ as defined in the Settlement Agreement, JetBlack's own actions suggest that it does not believe its Victory product is ████████████████████████████

In particular, the Settlement Agreement ████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████ The fact that JetBlack has introduced and sold its Victory product in the United States shows that JetBlack itself does not believe that the Victory is ███████████ Otherwise, JetBlack has willfully breached the parties' Settlement Agreement.[1] If JetBlack's Victory is not ████████████

████████████████████████████████████████████████

██████████████████████████ Therefore, █████████████████ cannot apply to Wahoo's ITC action against the JetBlack Victory product.

## V.    CONCLUSION

For the reasons stated herein, JetBlack's Motion for Preliminary Injunction should be denied. Wahoo should not be compelled to withdraw its Complaint with the ITC.

---

[1] Wahoo has not yet brought forth a breach of contract claim but reserves its rights to do so.

Date:  January 15, 2026

*/s/ Charles A. Pannell, III*
Charles Adam Pannell, III
Ga. Bar No. 141535
James Byron Hatten
Ga. Bar No. 963831
AddyHart LLC
10 Glenlake Pkwy, Suite 130
Atlanta, GA 30328
770.715.2020
cpannell@addyhart.com
404.625.3503
james@addyhart.com

**HARNESS, DICKEY & PIERCE, P.L.C.**
Matthew L. Cutler* (MO Bar No. 46305)
Joel R. Samuels* (MO Bar No. 63587)
7700 Bonhomme, Suite 400
Clayton, MO 63105
Telephone: (314) 726-7500
Facsimile: (314) 726-7501
mcutler@harnessip.com
jsamuels@harnessip.com

Glenn E. Forbis* (MI Bar No. P52119)
J. Bradley Luchsinger* (MI Bar No. P76115)
Keith P. Driscoll (MI Bar No. P82523)
100 Bloomfield Hills Parkway, Suite 200
Bloomfield Hills, MI 48304
Telephone: (248) 641-1600
gforbis@harnessip.com
bluchsinger@harnessip.com
kdriscoll@harnessip.com

(*To be admitted *pro hac vice*)

*Attorneys for Defendant Wahoo Fitness L.L.C.*

24

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document was prepared with 14-point Times New Roman font in compliance with LR 5.1(B).

*/s/ Charles A. Pannell, III*

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2026, I caused the foregoing document to be electronically filed with the Clerk of the Court pursuant to the Electronic Filing Procedures and using the CM/ECF system, and that a true and correct electronic copy was thereby caused to be served on Plaintiff by and through its counsel of record:

Courtland L. Reichman
(Georgia Bar No. 599894)
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
1201 West Peachtree Street, Suite 2300
Atlanta, GA 30309
Telephone: (470) 870-3294
creichman@reichmanjorgensen.com

Christine E. Lehman (pro hac vice)
Connor S. Houghton (pro hac vice)
Natalie Griffin (pro hac vice)
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
1909 K Street NW, Suite 800
Washington, D.C. 20006
Telephone: (202) 894-7310
clehman@reichmanjorgensen.com

*Attorneys for Plaintiff JetBlack Cycling Pty Ltd.*

*/s/ Charles A. Pannell, III*

25