# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JETBLACK CYCLING PTY LTD., | Civil Action No. 1:26-cv-00040-SDG |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| WAHOO FITNESS L.L.C., | |
| Defendant. | |

## DEFENDANT WAHOO FITNESS L.L.C.'S MOTION FOR PARTIAL RELIEF FROM L.R. 3.3 AND FRCP 7.1

# TABLE OF CONTENTS

I.     **INTRODUCTION** ...................................................................................................1

II.    **BACKGROUND** ...................................................................................................1

III.   **LEGAL STANDARD** .........................................................................................4

IV.   **ARGUMENT** .......................................................................................................5

V.    **CONCLUSION** ...................................................................................................7

## I.    INTRODUCTION

Defendant Wahoo Fitness L.L.C. ("Defendant" or "Wahoo") respectfully requests partial relief from L.R. 3.3 and Federal Rule of Civil Procedure 7.1.  This is a diversity action, thus L.R. 3.3(A)(4) and Rule 7.1(a)(2) require disclosure of the citizenship of every individual or entity whose citizenship is attributed to Wahoo. However, when Rule 7.1 was amended in 2022, the advisory committee provided: "The rule recognizes that the court may limit the disclosure in appropriate circumstances.  Disclosure might be cut short when a party reveals a citizenship that defeats diversity jurisdiction."  Wahoo has discovered its citizenship includes alien citizenship, thereby defeating diversity jurisdiction.  Complete disclosure would require an investigation into the citizenship of hundreds of investors and would not cure the lack of diversity.  Wahoo therefore requests the Court "cut short" further disclosure under LR 3.3(A)(4) and Rule 7.1(a)(2).

## II.    BACKGROUND

Plaintiff JetBlack Cycling Ltd. ("Plaintiff" or "JetBlack") filed this action against Wahoo on January 5, 2026.  Dkt. 1.  Plaintiff alleges:

- "JetBlack is a limited company organized and existing under the laws of Australia, with a principal place of business at 31 Walker Street, South Windsor, NSW, Australia."  *Id.* ¶ 9.

- "Wahoo is a limited liability company organized and existing under the

laws of the state of Georgia, with a principal place of business at 90 W. Wieuca Road NE, Atlanta, Georgia 30342." *Id.* ¶ 11.

- "This Court has subject matter jurisdiction based on diversity under 28 U.S.C. § 1332(a)." *Id.* ¶ 14.

Wahoo's deadline to answer or otherwise respond is February 17, 2026. Dkt. 52. The Court ordered Wahoo to submit its certificate of interested persons and corporate disclosure statement by February 6, 2026. Dkt. 50.

Wahoo submits its certificate of interested persons and corporate disclosure statement contemporaneously herewith. As provided therein, ███████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████    ██████████████████████

████████████████████████████████████████████

██████████████████████████████

Wahoo submits herewith as Exhibit 1 the Declaration of ███████████. █

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

2

████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████

On February 5, 2026, counsel for Wahoo identified to JetBlack's counsel that its investigation had determined a member of its corporate hierarchy destroyed diversity jurisdiction and intended to file this motion for relief from further disclosure.  Counsel for JetBlack and Wahoo met and conferred on February 6, 2026 to discuss the jurisdictional issues in order to avoid jurisdictional disruptions to the case, if possible. JetBlack's counsel indicates that it intends to amend the complaint and add claims that establish federal question and supplemental jurisdiction rather than only diversity jurisdiction.  The parties agreed to meet the week of February 9, to discuss how to proceed on the jurisdictional issues.

On February 6, 2026, Wahoo filed a motion to terminate and withdraw the

3

ITC action to comply with the Court's injunction.

## III.   LEGAL STANDARD

L.R. 3.3(A)(4) provides:

> Counsel for all private (non-governmental) parties in civil cases, including those that seek to intervene, must at the time of first appearance file a certificate containing: . . . (4) For every action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), the citizenship of every individual or entity whose citizenship is attributed to the party or proposed intervenor on whose behalf the certificate is filed.

L.R. 3.3(A)(4) is consistent with Rule 7.1(a)(2), which provides:

> In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: (A) when the action is filed in or removed to federal court, and (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a).

Fed. R. Civ. P. 7.1(a)(2).  However, "[t]he rule recognizes that the court may limit the disclosure in appropriate circumstances," including "when a party reveals a citizenship that defeats diversity jurisdiction."  Fed. R. Civ. P. 7.1(a)(2) advisory committee's note to 2022 amendment.

"Like the complete diversity rule in cases between citizens of different states, alienage jurisdiction prohibits an alien from suing another alien in federal court unless the suit includes United States citizens as plaintiffs and defendants." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011) (internal

citations omitted). "[F]or purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004). "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Id.* at 1022.

## IV.    ARGUMENT

Relieving Wahoo from further diversity disclosure is appropriate because the citizenship information already revealed defeats diversity jurisdiction.  Diversity does not exist between an alien plaintiff and an alien defendant regardless of what additional citizenship is attributed to the defendant.  *See, e.g.*, *AST & Sci. LLC v. Delclaux Partners SA*, 143 F.4th 1249, 1252 n.2 (11th Cir. 2025) ("AST has seven members who are aliens, and Delclaux is a Spanish corporation (and therefore a citizen of Spain), so there is no complete diversity here.").  Plaintiff has alien citizenship. *See* Dkt. 1 ¶ 9 (pleading Plaintiff is an Australian limited company with a principal place of business in Australia).  Wahoo's citizenship includes ███ ███████████████████████████████████ thereby defeating diversity.

███████████████████████████████████████

████████████████  "Plaintiff alleges that Defendant—a limited liability company—is a citizen of South Carolina because it is incorporated there.  However, to determine the citizenship of an LLC, the Court must assess the citizenship of each

5

of its members and submembers until the Court is left with only individuals or corporations." *Networx Sys., Inc. v. Madewell Concrete, LLC*, No. 1:24-cv-02949-SDG, 2025 U.S. Dist. LEXIS 102506, at *1-2 (N.D. Ga. May 20, 2025). As explained above, ███████████████████████████████████████ ███████████████████████████████████████████ ██████████████████████ citizenship is therefore attributed to Wahoo.

████████ ██████████████ . "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom. . . .'" *Id.* at 1257-58 (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974), *cert. denied*, 419 U.S. 842 (1974)). ████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ████████████████████████████████

Limiting disclosure is warranted because ██████████ citizenship defeats diversity jurisdiction. *See, e.g.*, *Pattern Energy Grp. LP v. Perillo*, No. 1:25-cv-00785 (JLR), 2025 U.S. Dist. LEXIS 73453, at *18 n.6 (S.D.N.Y. Apr. 15, 2025) ("Limiting disclosure is warranted here, where diversity jurisdiction is defeated by

6

the presence of limited partners that Pattern has already disclosed."). Wahoo would otherwise need to attempt to obtain ███████████████████████████ ██████████████████████████████████████████████ ████████████████████████████████████████ it would not cure the lack of diversity.

Finally, it is Wahoo's understanding that JetBlack intends to file an amended complaint that asserts subject matter jurisdiction through federal question and supplemental jurisdiction. Federal question and supplemental jurisdiction may serve as alternative grounds to hear the case when diversity is absent. *See, e.g.*, *Niemann v. Carlsen*, No. 4:22-cv-01110-AGF, 2023 U.S. Dist. LEXIS 246, at *5-8 (E.D. Mo. Jan. 3, 2023) (granting motion to limit corporate disclosures when parties could not be found diverse, and hearing the case solely on the bases of federal question and supplemental jurisdiction). Thus, the parties are attempting to avoid any unnecessary disputes over jurisdiction and intend to continue discussions on this issue after the filings are complete.

## V.    CONCLUSION

Wahoo has revealed citizenship defeating diversity. Further disclosure would not change the lack of diversity. Accordingly, Wahoo respectfully requests the Court grant it partial relief from L.R. 3.3(A)(4) and Rule 7.1(a)(2) by limiting the required disclosure to what Wahoo has already disclosed.

Date:  February 6, 2026

/s/ *Charles Adam Pannell, III*
Charles Adam Pannell, III
Ga. Bar No. 141535
James Byron Hatten
Ga. Bar No. 963831
AddyHart LLC
10 Glenlake Pkwy, Suite 130
Atlanta, GA 30328
770.715.2020
cpannell@addyhart.com
404.625.3503
james@addyhart.com

Attorneys for Defendant Wahoo Fitness
L.L.C.

8

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document was prepared with 14 point Times New Roman font in compliance with LR 5.1(C).

*/s/ Charles Adam Pannell, III*

## CERTIFICATE OF CONFERECNE

I contacted counsel for Plaintiff on February 5, 2026, via email and spoke with Plaintiff's counsel on February 6, 2026, regarding the relief sought in this motion.  Plaintiff's counsel indicated Plaintiff is not taking a position on whether to oppose at this time but may take a position after reviewing the motion.

*/s/ Charles Adam Pannell, III*

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2026, I caused the foregoing document to be electronically filed with the Clerk of the Court pursuant to the Electronic Filing Procedures and using the CM/ECF system, and that a true and correct electronic copy was thereby caused to be served on Plaintiff through its counsel of record.

*/s/ Charles Adam Pannell, III*

9