
**REICHMAN JORGENSEN
LEHMAN & FELDBERG LLP**

Sarah O. Jorgensen
1201 West Peachtree Street, Suite 2300
Atlanta, GA 30309
Direct Dial: (470) 870-3294
sjorgensen@reichmanjorgensen.com

June 3, 2026

***Via ECF***
The Honorable Steven D. Grimberg
U.S. District Court for the Northern District of Georgia
1701 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

>Re: *JetBlack Cycling Pty Ltd. v. Wahoo Fitness LLC*, No. 1:26-cv-40-SDG
>Notice of Supplemental Authority for ECF 88

Dear Judge Grimberg:

Following FRAP 28(j), JetBlack respectfully notifies the Court of a precedential decision relevant to its pending motion to dismiss (ECF 88): *AGI SureTrack LLC v. Farmers Edge Inc.*, No. 2024-1730, 2026 WL 1542212 (Fed. Cir. June 2, 2026).

At step one, *AGI* reinforces that the §101 inquiry turns on the claims as written, not the specification's description of technological improvements. There, the patentee argued its claims solved a specific problem (the interoperability of farm equipment), but the court rejected that argument because "nothing in the language of the claims" recited that solution. *AGI* at 6. The same is true here: Wahoo relies on the specification's account of an improved physical device, but the claims lack that structure. ECF 104 at 3-4. They recite only a method of operating a bike trainer, which "can be practiced with a materially different cycling trainer" from the specification. *Id.*

As written, Wahoo's claims follow a pattern similar to what *AGI* found abstract: collecting, analyzing, and using information. *AGI* at 7. That pattern "remains an abstract idea even when narrowed—*e.g.*, by subject matter—to a particular use or environment," whether "farming data" or cycling data. *Id.*; *see* ECF 104 at 4-7.

*AGI* confirms that invoking hardware does not change this analysis. The claims recited a physical "relay device" with microprocessor, GPS receiver, and memory, yet were still abstract because those components merely performed their ordinary functions. *AGI* at 3, 8. So too here: Wahoo's claims do not invent a new flywheel or brake but merely invoke their ordinary functions. ECF 104 at 6-7.

At step two, the *AGI* court held that generic components used conventionally cannot supply an inventive concept, and that the "improved speed inherent with

June 3, 2026
Page 2

applying [an] abstract idea using a computer" does not change the result. *AGI* at 9. This forecloses Wahoo's argument that combining known components supplies an inventive concept to the abstract idea of receiving an input, processing it, and adjusting brakes accordingly. ECF 104 at 12-14.

Finally, *AGI* confirms that courts can and do resolve §101 as a matter of law under similar circumstances.

Respectfully submitted,

/s/ Sarah O. Jorgensen

| | |
|---|---|
| Christine E. Lehman (*pro hac vice*) | Sarah O. Jorgensen |
| Connor S. Houghton (*pro hac vice)* | Georgia Bar No.: 541130 |
| Natalie Griffin (*pro hac vice*) | Courtland L. Reichman |
| Savannah Carnes (*pro hac vice*) | Georgia Bar No.: 599894 |
| Reichman Jorgensen Lehman & Feldberg LLP | Reichman Jorgensen Lehman & Feldberg LLP |
| 1909 K Street NW, Suite 800 | 1201 West Peachtree Street, Suite 2300 |
| Washington, D.C. 20006 | Atlanta, GA 30309 |
| Telephone: (202) 894-7310 | Telephone: (470) 870-3294 |
| clehman@reichmanjorgensen.com | creichman@reichmanjorgensen.com |
| | sjorgensen@reichmanjorgensen.com |

Attorneys for JetBlack Cycling Pty Ltd.

June 3, 2026
Page 3

## CERTICATE OF COMPLIANCE WITH LR 5.1(C)

Counsel certifies pursuant to Local Rule 5.1(C) that this document has been prepared in Times New Roman 14-point font with margins of one (1) inch.

This 3rd day of June, 2026          */s/ Sarah O. Jorgensen*

                                                 Sarah O. Jorgensen

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I have electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

This 3rd day of June, 2026          */s/ Sarah O. Jorgensen*

                                                 Sarah O. Jorgensen

Silicon Valley • New York • Atlanta • Washington, D.C. • Austin

# United States Court of Appeals for the Federal Circuit

―――――――――

**AGI SURETRACK LLC,**
*Plaintiff-Appellant*

**v.**

**FARMERS EDGE INC., FARMERS EDGE (US) INC.,**
*Defendants-Cross-Appellants*

―――――――――

2024-1730, 2024-1830

―――――――――

Appeals from the United States District Court for the District of Nebraska in No. 8:22-cv-00275-JFB-SMB, Senior Judge Joseph F. Bataillon.

―――――――――

Decided:   June 2, 2026

―――――――――

JONATHAN STUART KAGAN, Irell & Manella LLP, Los Angeles, CA, argued for plaintiff-appellant. Also represented by MORGAN CHU, LUCAS OXENFORD.

NATHAN S. MAMMEN, Reichman Jorgensen Lehman & Feldberg LLP, Washington, DC, argued for defendants-cross-appellants. Also represented by COLE THOMAS TIPTON.

―――――――――

Before MOORE, *Chief Judge*, MAYER and LOURIE, *Circuit Judges*.

MAYER, *Circuit Judge*.

AGI SureTrack LLC ("AGI") appeals a final judgment of the United States District Court for the District of Nebraska holding that its asserted claims are directed to patent-ineligible subject matter. Farmers Edge Inc. and Farmers Edge (US) Inc. (collectively, "Farmers Edge") cross-appeal, arguing that the district court erred in holding that the case was not exceptional. For the reasons discussed below, we affirm the district court's conclusion that the asserted claims are patent ineligible but vacate and remand its no exceptionality determination.

## I. BACKGROUND

Before the district court, AGI alleged that Farmers Edge infringed claims of U.S. Patent Nos. 11,126,937 (the "'937 patent"), 10,963,825, 11,164,116, 11,361,261, and 11,507,899 (collectively, the "Asserted Patents").[1] The Asserted Patents relate "to automated systems and methods for capturing, processing and sharing farming data, and more particularly to systems and methods for capturing farming operation data in real time using passive data collection devices attached to farming equipment while the farming equipment is used to perform the farming operations, and then processing and sharing the farming operation data via an online farming data exchange system or server." '937 patent, col. 1 ll. 19–27. For purposes of this

---

[1]    AGI's patents share nearly identical specifications. For ease of reference, we cite only to the specification of the '937 patent.

appeal, claim 1 of the '937 patent is representative.[2]  It recites:

> 1. A relay device for tracking farming operations for a farming business, comprising:
>
> (a) a microprocessor;
>
> (b) a bus connector for connecting the relay device to a message bus on a farming vehicle or farming implement, wherein the message bus is configured to carry messages generated by the farming vehicle or the farming implement while the farming vehicle and the farming implement are used to perform the farming operation;
>
> (c) a global positioning system [("GPS")] receiver that receives position and time signals from space-based satellites while the farming operation is performed;
>
> (d) a memory storage area that stores (i) an electronic farm record for the farming business, (ii) descriptive information about a farming operation land segment associated with the farming business, and (iii) a plurality of implement profiles each defining, for a known farming implement, a known manufacturer code, a known device class, a known version and a known communication protocol; and
>
> (e) an application program comprising programming instructions that, when

---

[2]    AGI makes no separate arguments regarding eligibility for any claim other than claim 1 of the '937 patent.

executed by the microprocessor, will cause the microprocessor to automatically

> (i) extract content from one or more messages transmitted on the message bus and use the extracted content to determine that there is a match between the farming implement used to perform the farming operation and the known farming implement corresponding to one of the plurality of implement profiles;
>
> (ii) use the extracted content, the position and time signals and the known communication protocol defined by said one of the plurality of implement profiles to determine a set of operating events and a travel path for the farming operation,
>
> (iii) use the set of operating events, the travel path and the descriptive information stored in the memory storage area to determine that the farming operation occurred on the farming operation land segment, and
>
> (iv) record the farming operation and the descriptive information for the farming operation land segment in the electronic farm record.

*Id.* at col. 25 l. 34–col. 26 l. 9.

In April 2024, the district court granted Farmers Edge's motion for summary judgment, holding that the Asserted Patents were directed to patent-ineligible subject matter under 35 U.S.C. § 101. *See AGI SureTrack LLC v. Farmers Edge Inc.*, No. 8:22CV275, 2024 WL 1578164, at

*1 (D. Neb. Apr. 11, 2024) ("*District Court Opinion*").  The court stated that the claims "use generic ('off the shelf') computers and sensors to collect data from standard farm implements" and were "directed to software that collects, processes, and shares data."  *Id.* at *6.  In the court's view, moreover, "[t]he elements of the [a]sserted [c]laims considered individually and in an ordered combination d[id] not transform them from an abstract idea into an inventive concept."  *Id.* at *7.  Additionally, the court determined that the case was not exceptional for purposes of an award of attorney's fees pursuant to 35 U.S.C. § 285.  *Id.* at *1.

This appeal and cross-appeal followed.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## II. DISCUSSION

### A.

Patent eligibility under section 101 is a question of law that may contain underlying findings of fact.  *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335, 1342 (Fed. Cir. 2018).  A district court's exceptional case determination is reviewed on appeal for abuse of discretion.  *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 563 (2014).

The Supreme Court has set out a two-step framework, commonly referred to as the "*Alice* test," for evaluating subject matter eligibility.  *See Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217–24 (2014).  This framework is useful in "distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts."  *Id.* at 217.  At step one, we determine whether the claims at issue are directed to a patent-ineligible concept such as an abstract idea.  *Id.* at 218.  At step two, "we consider the elements of each claim both individually and as an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible application."  *Id.* at 217 (citation and internal quotation

marks omitted); *see PersonalWeb Techs. LLC v. Google LLC*, 8 F.4th 1310, 1314 (Fed. Cir. 2021).

B.

AGI argues that its claims fall within the bounds of section 101 because they cover "a very specific and novel way to collect and interpret, in real-time, data from a variety of different brands of farm equipment, even if manufacturers employ incompatible rules for encoding and transmitting agronomic data." Br. of Plaintiff-Appellant 4. Although AGI acknowledges that "the general idea of collecting and translating farming data may be abstract," its claimed invention is nonetheless patent eligible because its "solution to the interoperability problem [between different brands of farm equipment] is an unconventional hardware and software system limited by a number of very specific requirements and steps, narrowly defined to avoid preemption issues." *Id.*

We do not find this argument persuasive. As a preliminary matter, AGI points to nothing in the language of the claims which refers to "interoperability" problems between different brands of farm equipment. Even accepting *arguendo*, moreover, AGI's assertion that its claims disclose a specific solution to the "problem of the incompatibility of electronic communications systems in farming equipment due to their use of different communication protocols," *id.* at 29, the claims are nonetheless directed to a patent-ineligible abstract idea.

Claim 1 of the '937 patent recites "[a] relay device for tracking farming operations for a farming business," '937 patent, col. 25 ll. 34–35, and specifies that this relay device includes a microprocessor, bus connector, GPS receiver, and memory storage area. *Id.* at col. 25 ll. 36–37, 44, 47. The specification explains that existing "precision farming techniques, computer systems and related technology ha[d] . . . failed to provide farming businesses and other interested parties with an easy-to-use, unobtrusive, secure

and reliable way to capture, store, share and profit from what is fast becoming a massive amount of very detailed, and enormously valuable, farming operation data." *Id.* at col. 2 ll. 1–7.  The specification further states that the claimed invention purports to address these "problems by providing a relay device, a farming data exchange system and computer-implemented methods for tracking, collecting, storing and sharing farming operation data for farming businesses." *Id.* at col. 3 ll. 16–20.  Thus, in explicit terms, the specification describes the claimed invention as a computer-implemented method for gathering and processing farming data.

"As we have by now frequently held, claims reciting generalized steps of collecting, analyzing, and presenting information, using nothing other than the conventional operations of generic computer components, are directed to abstract ideas." *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1293 (Fed. Cir. 2024); *see Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1355 (Fed. Cir. 2016) ("[M]erely selecting information, by content or source, for collection, analysis, and display does nothing significant to differentiate a process from ordinary mental processes, whose implicit exclusion from [section] 101 undergirds the information-based category of abstract ideas.").  The fact that the claims here are limited to a particular type of information—farming data—does not remove them from the realm of the abstract.  *See, e.g.*, *Sanderling Mgmt. Ltd. v. Snap Inc.*, 65 F.4th 698, 703 (Fed. Cir. 2023) ("Even though the information being distributed is of a particular variety . . . distribution of information is an abstract idea.").  As we have previously emphasized, "an abstract idea remains an abstract idea even when narrowed—*e.g.*, by subject matter—to a particular use or environment." *GoTV Streaming, LLC v. Netflix, Inc.*, 166 F.4th 1053, 1064 (Fed. Cir. 2026); *BSG Tech LLC v. BuySeasons, Inc.*, 899 F.3d 1281, 1287 (Fed. Cir. 2018) ("[A] claim is not patent eligible merely because it applies an abstract idea in a narrow way.").

8                           AGI SURETRACK LLC v. FARMERS EDGE INC.

We reject, moreover, AGI's assertion that its claims are not directed to an abstract idea because the claimed system has the ability to detect the communication protocol that is being used by a specific piece of farm equipment and relies on a "plurality of different 'implement profiles' stored in memory, each of which defines a communication protocol needed to 'decode' messages that are sent from a particular farming implement with which it is associated." Br. of Plaintiff-Appellant 9. The "implement profile[s]" in AGI's claimed system are simply a collection of data, *see* J.A. 1068–69, 1744, that can be used to decode or interpret other data. *See, e.*g., *RecogniCorp LLC v. Nintendo Co.*, 855 F.3d 1322, 1326–27 (Fed. Cir. 2017) (concluding that claims directed to a process for encoding and decoding image data were abstract). "Information as such is an intangible," *Elec. Power Grp.*, 830 F.3d at 1353, and the claimed method, which uses one set of data (implement profiles) to interpret another set of data (information about farming operations), "merely adds one abstract concept to another," *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 772 (Fed. Cir. 2019).

Contrary to AGI's assertions, its claims are not directed to a specific improvement in computer functionality but instead invoke the use of generic computer components to collect, analyze, and transmit farming data. *See Customedia Techs., LLC v. Dish Network Corp.*, 951 F.3d 1359, 1364 (Fed. Cir. 2020) ("To be a patent-eligible improvement to computer functionality, we have required the claims to be directed to an improvement in the functionality of the computer or network platform itself" and "it is not enough . . . to merely improve a fundamental practice or abstract process by invoking a computer merely as a tool."). In this regard, AGI's "specification is silent as to any specific structural or inventive improvements in computer functionality related to [its] claimed system." *Id.* at 1365. Accordingly, as the district court correctly concluded, AGI's claims are directed to an abstract idea at *Alice* step one.

C.

At *Alice* step two, we undertake "a search for an inventive concept—*i.e.*, an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself." *Alice*, 573 U.S. at 217–18 (citation, internal quotation marks, and brackets omitted). Thus, "[i]f a claim's only 'inventive concept' is the application of an abstract idea using conventional and well-understood techniques, the claim has not been transformed into a patent-eligible application of an abstract idea." *BSG Tech*, 899 F.3d at 1290–91.

Here, AGI's claims do not pass muster at *Alice* step two because they are directed to gathering and analyzing a particular type of data and do not disclose any specific inventive technology for performing those functions. *See Elec. Power Grp.*, 830 F.3d at 1354–56. They rely on generic computer components—such as a microprocessor, bus connector, GPS receiver, and memory storage area—which are used in a conventional manner to collect, analyze, and display data. *See* '937 patent, col. 25 ll. 36, 37, 44, 47. While AGI's claimed system relies on automation to speed up the process of collecting and decoding data transmitted from farm equipment, "the improved speed inherent with applying [an] abstract idea using a computer" does not establish an inventive concept at *Alice* step two. *Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1366 (Fed. Cir. 2023); *see OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1363 (Fed. Cir. 2015) ("[R]elying on a computer to perform routine tasks more quickly or more accurately is insufficient to render a claim patent eligible."). Thus, whether we view the claim elements individually or as an ordered combination, they contain no inventive concept that would transform the abstract idea of collecting, interpreting, and transmitting data about farming operations into a patent-eligible application of that idea. *See Alice*, 573 U.S. at 217–18. Accordingly, we affirm the district

court's determination that the Asserted Patents are not directed to eligible subject matter.

### D.

We turn next to the district court's determination that Farmers Edge had not established that this was an exceptional case for purposes of a fee award under section 285. *See District Court Opinion*, 2024 WL 1578164, at \*1. The Supreme Court has explained that an exceptional case under section 285 "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* (footnote omitted).

Farmers Edge asserts that this is an exceptional case because AGI: (1) engaged in inequitable conduct during prosecution of the Asserted Patents; (2) made misleading statements regarding the abandonment of certain claims; and (3) engaged in improper litigation tactics and made unsupported assertions regarding the existence of factual disputes related to patent eligibility. Additionally, Farmers Edge alleges that AGI and its counsel violated court-issued protective orders.

According to Farmers Edge, the district court erred in *sua sponte* entering judgment that the case was not exceptional without providing any explanation regarding the basis for its ruling. Farmers Edge further contends that it should have been afforded an opportunity to present argument and evidence showing that the case qualified as exceptional under section 285 before the court ruled on the issue. *Cf. Am. Red Cross v. Cmty. Blood Ctr. of the Ozarks*, 257 F.3d 859, 863 (8th Cir. 2001) (explaining that "a district court may not grant summary judgment *sua sponte*

unless the non-movant has been notified and afforded an opportunity to respond").

We have not in all cases required the district court to detail its reasoning for concluding that a case is not exceptional. *See Serio-US Indus., Inc. v. Plastic Recovery Techs. Corp.*, 459 F.3d 1311, 1322 (Fed. Cir. 2006) (upholding the denial of fees under section 285 notwithstanding the fact that the district court did not "issue any opinion explaining its reasoning" for the denial because "the record as a whole . . . adequately support[ed] the denial of attorney fees"). Under most circumstances, however, a district court making an exceptionality determination should "provide some indication of the reasoning underlying its decision to provide a basis for meaningful appellate review." *Superior Fireplace Co. v. Majestic Prods. Co.*, 270 F.3d 1358, 1377 (Fed. Cir. 2001). Here, there is nothing in the district court's terse no exceptionality ruling or the record on appeal which would permit us to appropriately review whether the court abused its discretion in concluding that the case was not exceptional. *See id.* (remanding an appeal for clarification where the district court "fail[ed] to provide any findings or reasoning" supporting its conclusion that the case was not exceptional); *see also Energy Heating, LLC v. Heat On-The-Fly, LLC*, 889 F.3d 1291, 1307 (Fed. Cir. 2018) (vacating and remanding where the district court did not articulate a basis for denying attorney's fees following a finding of inequitable conduct); *Innovation Techs., Inc. v. Splash! Med. Devices, LLC*, 528 F.3d 1348, 1350–51 (Fed. Cir. 2008) (vacating and remanding where a district court failed to make findings sufficient to support its exceptional case determination). Accordingly, we are constrained to vacate the district court's determination that the case is not exceptional and remand with instructions that the court reassess, after giving both parties an adequate opportunity to present argument on the issue, whether the case is exceptional and, if so, whether an award of attorney's fees under section 285 is appropriate.

On appeal, AGI contends that Farmers Edge forfeited its right to seek attorney's fees pursuant to section 285 because it failed to comply with Federal Rule of Civil Procedure 54(d)(2)(B) by filing a motion seeking such fees within fourteen days after the district court entered judgment. *See* FED. R. CIV. P. 54(d)(2)(B) (stating that "[u]nless a statute or a court order provides otherwise," a motion for attorney's fees must "be filed no later than [fourteen] days after the entry of judgment"). Farmers Edge counters, however, that it could not in good faith have filed a motion seeking fees in the fourteen-day period after the district court entered judgment given that the court had already ruled the case was not exceptional.

While Rule 54(d)(2)(B) states that, unless a statute or court order otherwise provides, the applicable limitations period for a motion for attorney's fees begins to run fourteen days from the entry of judgment, an Advisory Committee Note explains that the limitations period begins anew if a new judgment is entered following an appellate court remand.[3] *See* FED. R. CIV. P. 54 Advisory Committee Notes, 1993 Amendments (explaining that "[a] new period for filing will automatically begin if a new judgment is entered following a reversal or remand by [an] appellate court"); *see also Quigley v. Rosenthal*, 427 F.3d 1232, 1237 (10th Cir. 2005) (explaining that where there is a new judgment following reversal, "the entry of such a judgment triggers the running (for a second time) of the fourteen-day time period set forth in Rule 54(d)(2)(B)"); *Miltimore Sales, Inc. v. Int'l Rectifier, Inc.*, 412 F.3d 685, 690 (6th Cir. 2005)

---

[3]     As the Supreme Court has emphasized, in ascertaining the meaning of the Federal Rules of Civil Procedure, "the construction given to them by the [Advisory] Committee is of weight." *Miss. Pub. Corp. v. Murphree*, 326 U.S. 438, 444 (1946); *see Spirit Lake Tribe v. Jaeger*, 5 F.4th 849, 853 (8th Cir. 2021).

(explaining that "[u]pon a reversal or remand by an appellate court, a 'new' judgment necessarily is entered, because the original judgment has been reversed or vacated," and that "[a]fter entry of the 'new' judgment, the new prevailing party should of course have a new fourteen-day period within which to recover fees incurred"). Thus, because we are today vacating and remanding the district court's no exceptionality determination, a new fourteen-day period for filing a motion for attorney's fees will be triggered once the court enters judgment on remand. We have considered the parties' remaining arguments but do not find them persuasive.

## III. CONCLUSION

Accordingly, the judgment of the United States District Court for the District of Nebraska that the Asserted Patents are directed to ineligible subject matter is affirmed but its determination that the case is not exceptional is vacated and remanded for further proceedings consistent with this opinion.

**AFFIRMED-IN-PART, VACATED-IN-PART,
AND REMANDED**

COSTS

Farmers Edge shall have its costs.