**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JETBLACK CYCLING PTY LTD.,
    Plaintiff,

v.

WAHOO FITNESS L.L.C.,
    Defendant.

Civil Action No.
1:26-cv-00040-SDG

**ORDER**

This matter is before the Court on Defendant Wahoo Fitness L.L.C.'s motion

for relief from the requirements of Fed. R. Civ. P. 7.1 and LR 3.3, NDGa [ECFs 64,

65[1]] and various motions to seal filed by the parties [ECFs 60, 72, 96, 103, 107].

**A.    Relief from Certificate of Interested Persons Requirements
       [ECFs 64, 65]**

Rule 7.1 of the Federal Rules of Civil Procedure requires a party in a

diversity jurisdiction case to identify the citizenship of the individuals and entities

whose citizenship can be attributed to that party. Fed. R. Civ. P. 7.1(a); *see also* LR

3.3(A)(4), NDGa. When Plaintiff JetBlack Cycling Pty Ltd. filed its original

complaint, it predicated this Court's jurisdiction solely on diversity under 28

---

[1]   Wahoo filed a redacted version of the motion at ECF 64 and a notice of filing
      the unredacted version at ECF 65. However, the unredacted version at ECF 65
      is not sealed.

1

U.S.C. § 1332.[2] JetBlack later amended its pleading to add claims for patent non-infringement, providing a basis for federal question jurisdiction.[3]

Wahoo seeks leave from the requirement that it identify *every* person and entity that might contribute to its citizenship because it has shown that at least some of the individuals whose citizenship is attributed to it are citizens of foreign countries.[4] In light of the fact that jurisdiction is no longer dependent on the parties' diversity of citizenship, the Court finds it appropriate to relieve Wahoo from the obligation to further update its certificate of interested persons at this time. Accordingly, Wahoo's motion [ECF 64] is **GRANTED**.

### B.    Motions to Seal

Fed. R. Civ. P. 26 allows a court to enter a protective order rendering documents or portions thereof unavailable to the public after a showing of good cause. Good cause is determined by balancing the "interest in obtaining access" to the information against the "party's interest in keeping the information confidential." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313–15 (11th Cir. 2001). Good cause will generally only be established where the materials contain trade secrets, personal identifying information, or sensitive

---

[2]    ECF 1, ¶ 14. *See generally id.* ¶¶ 13–18.

[3]    ECF 58, ¶ 16. *See generally id.* ¶¶ 13–22.

[4]    ECF 65, at 2–3.

commercial information, such that public disclosure would result in "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

JetBlack seeks leave to file under seal unredacted versions of Exhibits 3, 4, and 5 to its amended complaint.[5] It also seeks to seal the unredacted version of its response to Wahoo's motion for preliminary injunction.[6] Wahoo moves to seal in their entirety Exhibits E and F to its answer, as well as the unredacted answer itself;[7] to seal its unredacted motion for a preliminary injunction and supporting declaration;[8] and to seal the unredacted version of its reply brief in support of the preliminary injunction motion.[9] The Court addresses each motion below.

### 1.    Exhibits to JetBlack's Amended Complaint [ECF 60]

Exhibit 3 to the amended complaint is the 2022 settlement agreement between JetBlack and Wahoo.[10] It reflects the confidential terms of the parties' agreement as well as sensitive commercial information. Exhibit 4 is a request from JetBlack to the ITC concerning a complaint Wahoo filed with the ITC.[11] Exhibit 5

---

[5]    ECF 60.

[6]    ECF 103.

[7]    ECF 72.

[8]    ECF 96.

[9]    ECF 107.

[10]    ECF 58-3 (redacted); ECF 59 (sealed).

[11]    ECF 58-4 (redacted); ECF 59-1 (sealed).

is a letter from JetBlack's counsel to Wahoo's counsel discussing the ITC complaint and settlement agreement.[12] The parts of Exhibits 4 and 5 that JetBlack seeks to seal refer to certain confidential terms of the 2022 settlement agreement. The Court concludes that there is good cause to seal each of these documents at this stage.

### 2.    Wahoo's Answer [ECF 72]

Wahoo asks to file the unredacted portions of its Answer under seal, and to seal in their entirety two exhibits to the Answer.[13] The redactions in the Answer are part of Wahoo's counterclaim and concern settlement negotiations and the terms of the 2022 settlement agreement.[14] Exhibit E to the Answer is a letter from counsel for Wahoo to counsel for JetBlack concerning the parties' current dispute, the terms of the settlement agreement, and other sensitive commercial information.[15] Exhibit F is a confidential term sheet that reflects sensitive commercial information. There is good cause for Wahoo's proposed redactions to the Answer and to seal Exhibits E and F completely.

---

[12]   ECF 58-5 (redacted); ECF 59-2 (sealed).

[13]   ECF 72.

[14]   *See generally* ECF 70, at 20–60 (redacted); ECF 71-1 (sealed).

[15]   ECF 71-2 (sealed).

### 3.   Wahoo's Motion for Preliminary Injunction [ECF 96] and Reply Brief [ECF 107]

Wahoo seeks to file under seal unredacted versions of its motion for a preliminary injunction, the supporting declaration of Stacy Perlis, and its reply brief in support of the motion. The motion and reply brief discuss the confidential terms of the 2022 settlement agreement and the declaration refers to commercially sensitive financial information.[16] The Court finds good cause for such information to be filed under seal at this stage.

### 4.   JetBlack's Response to Wahoo's Motion for Preliminary Injunction [ECF 103]

JetBlack seeks to seal the unredacted version of its brief opposing Wahoo's motion for preliminary injunction because it quotes from the parties' settlement agreement.[17] For the reasons stated above, the Court finds good cause to seal such information at this stage.

---

[16]   *See generally* ECF 96.

[17]   *See generally* ECF 103.

### C.    Conclusion

Wahoo's motion for relief from the requirements of Fed. R. Civ. P. 7.1 and LR 3.3 [ECF 64] is **GRANTED**. The parties' respective motions to seal [ECFs 60, 72, 96, 103, 107] are also **GRANTED**.

**SO ORDERED** this 8th day of June, 2026.

_____
Steven D. Grimberg
United States District Judge

6